UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON CORCORAN, et al.,<br><br>Defendants. | **Case No. 1:18-cv-00424-MJS (PC)**<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(ECF No. 2)**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FOURTEEN-DAY OBJECTIONS DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed on March 28, 2018. (ECF No. 1.) Plaintiff has not prepaid the filing fee as required by Local Rule 121(c). Accompanying his complaint was a motion to proceed in forma pauperis. (ECF No. 2.) For the reasons set forth below, the motion should be denied.

**I.     Motion to Proceed In Forma Pauperis**

Plaintiff is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

is under imminent danger of serious physical injury."

## A. Actions Dismissed for Failure to State Claim

Plaintiff has brought four actions that were dismissed for failing to state a claim. See Wilson v. Tilton, No. 2:06-cv-01031-LKK-PAN (E.D. Cal. Sept. 12, 2006); Wilson v. Schwartz, No. 2:05-cv-01649-GEB-CMK (E.D. Cal. Oct. 31, 2006); Wilson v. Dovey, No. 2:06-cv-01032-FCD-EFB (E.D. Cal. March 8, 2007); Wilson v. Veal, No. 2:06-cv-00067-FCD-KJM (E.D. Cal. June 4, 2007).

All of Plaintiff's actions noted above were dismissed before March 28, 2018, when Plaintiff filed the present action. Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis in this action unless at the time the complaint was filed, he was under imminent danger of serious physical injury.

## B. Imminent Danger Exception

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past. Id. at 1056-57.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. McNeil v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that he will commit suicide, or that he has already attempted suicide and will do so again,

are insufficient to show imminent danger); <u>Luedtke v. Bertrand</u>, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Here, Plaintiff's complaint fails to reflect that Plaintiff is at imminent risk of suffering "serious physical injury."

Although the complaint is largely incomprehensible and its allegations difficult to decipher, it alleges the following multitude of alleged constitutional violations: Plaintiff was transferred in retaliation for engaging in a protected act, and the transfer did not ensure compliance with his rights under the Americans with Disabilities Act ("ADA"); Defendants have deprived him of certain items, such as a fan and special mattress, he considers medical necessities; he has been seen by a nurse practitioner, while being denied visits by a medical doctor; he seeks but has been denied special transport accommodations, an air mattress with an electric fan, a ban on further video doctor's visits, the return of his toenail clippers, special accommodations on searches conducted when he is out of his cell, a special therapeutic diet, access to the library five days a week, a requirement that all kitchen personnel who handle food wear caps and aprons, and enactment of a long list of procedural and physical changes to the prison. (ECF No. 1 at 20-24.)

The Court can identify no allegations in the foregoing or otherwise that indicate Plaintiff is exposed to imminent physical danger from which he needs the Court's protection.

**II. Conclusion**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a District Judge to this action to address the following recommendations.

Furthermore, IT IS HEREBY RECOMMENED that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied and that Plaintiff be required to submit the filing

3

fee within 14 days of an Order adopting these recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: March 31, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE