UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA STATE PRISON CORCORAN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:18-cv-00424-DAD-JDP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EMERGENCY ENFORCEMENT AND PROTECTION WITH SANCTIONS<br><br>(Doc. No. 6) |

  Plaintiff David W. Wilson is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. The complaint is pending screening under 28 U.S.C. § 1915A while the court determines whether plaintiff (1) may proceed *in forma pauperis* or (2) must pay the filing fee to commence this action.[1] Plaintiff is incarcerated at California State Prison, Corcoran ("COR"). His complaint is styled as a list of grievances about his prison life at COR. Plaintiff's primarily allegations relate to COR prison officials' alleged failures to accommodate plaintiff's medical conditions. (Doc. No. 1.)

  Plaintiff has now filed a "motion for emergency enforcement with and protection with

---

[1] The court previously concluded that plaintiff may not proceed *in forma pauperis* under 28 U.S.C. § 1915(g) because he has filed four actions that were dismissed for failing to state a claim, and he is not in imminent danger of serious physical injury. (Doc. No. 2.) Findings and recommendations to deny plaintiff's motion to proceed *in forma pauperis* are pending consideration by the district judge. (*Id*.)

1

sanctions . . . ." (Doc. No. 6.) Like the complaint, plaintiff's recent filing contains a long list of grievances about conditions at COR. Among the issues raised by plaintiff are: (1) shut-down of cold-water fountains and inadequate cooling measures in hot weather; (2) failures to accommodate or properly treat plaintiff's medical conditions; (3) intentional harassment of inmates and acts of retaliation by COR officials; (4) a policy of intentional misclassification of inmates to avoid requirements concerning conditions of confinement established by consent decrees; (5) lack of access to the law library and typewriters; (6) receipt of overtime pay by COR guards; and (7) the racial makeup of COR staff.

The court is cognizant that plaintiff is proceeding pro se in this case. However, Rule 7(b) of the Federal Rules of Civil Procedure requires that a request for a court order must be made by motion, and a motion must "state with particularity the grounds for seeking the order and state the relief sought." The court cannot discern the specific relief sought by plaintiff in his recent filing. Thus, the court will deny it without prejudice.[2]

Accordingly,

1. Plaintiff's motion for emergency enforcement and protection with sanctions (Doc. No. 6) is denied without prejudice.
2. Plaintiff may refile a motion that specifically describes the relief sought and states with particularity the grounds for seeking the order as required by Rule 7(b) of the Federal Rules of Civil Procedure.

---

[2] If plaintiff chooses to refile this motion as a motion for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, he "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

IT IS SO ORDERED.

Dated: June 15, 2018

/s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE

3