UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON CORCORAN, *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00424-DAD-JDP<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. No. 39.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

David W. Wilson ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion seeking temporary and permanent injunctive relief. (Doc. No. 11.) For the reasons described below, the court recommends denying plaintiff's motion.

**I.  RELIEF REQUESTED**

Plaintiff seeks an injunction to compel defendants to take a multitude of actions. (Doc. No. 11.) Although portions of the motion are difficult for the court to decipher, among the actions plaintiff seeks to compel are "cooling measures to prevent HEAT STROKE & DEATHS" (*Id.* at 1); "adequate [f]acilities for mental treatment" (*Id.*); the use of gloves during strip searches to prevent communicable diseases (*Id.* at 3); the leveling of prison "pathways" that are riddled

1

with "pebbles" and various holes (*Id.*); and an overhaul of the cafeteria, where there is black mold and contaminated, cold food (*Id.*).

## II. LEGAL STANDARDS

A federal district court may issue injunctive relief only if the court has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief

based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction can be granted only following a final hearing on the merits. *See MAI Sys. Corp. v. Peak Computer, Inc.,* 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established . . . .").

## III. ANALYSIS

The court will recommend that plaintiff's motion for injunctive relief be denied. His request for a permanent injunction is premature; there has not been a final hearing on the merits. Plaintiff's request for a temporary injunction should also be denied because he has not established that he is likely to succeed on the merits. His allegations are conclusory and bereft of detail. Furthermore, plaintiff's motion is unrelated to the allegations underlying his complaint. The complaint—which, like the motion, is difficult to decipher—alleges, *inter alia*, that plaintiff was transferred in retaliation for engaging in a protected act and was deprived of medical treatment and accommodations. (Doc. No. 1, at 20-24.) Plaintiff appears to be basing his injunction request on a claim of unconstitutional conditions of confinement that was not pled in the complaint.

## IV. RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief be DENIED.

These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

1
2  IT IS SO ORDERED.
3
4  Dated:   July 25, 2018                                    _____
                                                              UNITED STATES MAGISTRATE JUDGE
5